UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINA BROWN, individually and on behalf of
all others similarly situated,

        Plaintiff,

        vs.

MOUNT SINAI HOSPITALS GROUP,
INC.,

        Defendant.

# 14 CV 3489

Case No.

**COLLECTIVE AND CLASS ACTION
COMPLAINT AND JURY TRIAL
DEMAND**



    Plaintiff Regina Brown ("Plaintiff"), individually and on behalf of all others similarly situated, by her attorneys, The Ottinger Firm, P.C., alleges, upon personal knowledge and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

    1.    This is a case about a teaching hospital with an annual revenue of well over one billion dollars that fails to pay many of its administrative employees, specifically those who handle billing and insurance matters, the wages to which they are entitled by law.

    2.    Defendant is Mount Sinai Hospitals Group, Inc. ("Mt. Sinai" or "Defendant"), a teaching hospital in New York City with over 3,500 employees. Defendant bills itself as "a leader in medical and scientific training, biomedical research and patient care." Yet, with regard to compensating its employees, Defendant leads only in its willingness to recklessly break the law.

    3.    Plaintiff and the members of the proposed FLSA collective action have been employed by Defendant as Billing Coordinators and Billing Expeditors in Defendant's Surgery Department. Plaintiff and the members of the proposed class each held the title of "Billing

Expeditor" until 2010, when each of their titles was changed to "Billing Coordinator." This change in title occurred independently of any change in job duties or compensation. Throughout this Collective Action Complaint and Jury Trial Demand (the "Complaint") the term "Billing Coordinator" will refer to employees who have been employed by Defendant as Billing Coordinators and/or Billing Expeditors.

4.      Plaintiff and the members of the proposed class have been paid on an hourly basis for 37.5 hours of work each week, regardless of the number of actual hours worked. Although Plaintiff and the members of the proposed class have regularly worked more than 37.5 hours per week, and frequently more than 40, they have been denied overtime compensation and minimum wages as required by federal and state wage and hour laws.

5.      Additionally, Plaintiff has been denied the timely payment of compensable time (or "gap time") for all hours worked between 37.5 and 40 per workweek, where the latter is payable at her straight, regular hourly rate under state wage and hour laws.

6.      Defendant has been well aware that it has not been compensating Plaintiff and the members of the proposed class for all hours they have worked. In fact—as detailed below— Defendant has stated that it is the "business" of the individual Billing Coordinators if they need to work past their regular shifts (i.e., work hours for which they are not compensated) in order to finish their required work.

7.      Plaintiff seeks to recover unpaid wages for compensable time (or "gap time"), overtime wages, attorneys' fees and costs, interest, and liquidated damages. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), on behalf of herself and all similarly situated current and former employees of Defendant who elect to opt

2

into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b) and on behalf of herself under the New York Labor Law (the "NYLL") Article 19, §§ 650 *et seq.*

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

9.     In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

10.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

11.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

12.     Defendant is located in New York State and is subject to personal jurisdiction in New York.

13.     A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

14.     Class counsel concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

## THE PARTIES

### Plaintiff

15.     Plaintiff Regina Brown resides in Brooklyn, New York.

16.     Plaintiff has been an employee of Defendant since March 6, 2006.

17.     Throughout her employment with Defendant, Plaintiff has worked within Defendant's Department of Surgery. When she commenced her employment with Defendant, Plaintiff's job title was "Billing Expeditor." In 2010 her job title was changed to "Billing Coordinator." This change in title occurred independently of any change to Plaintiff's job duties and compensation.

18.     Throughout her employment with Defendant, Plaintiff has met the definition of employee under applicable law, and has not been subject to any applicable exemptions or exclusions under applicable law, including, but not limited to, those for employees in executive, administrative, or professional roles.

19.     Defendant has failed to pay Plaintiff at the premium overtime rate of time and one half for all hours she has worked over 40 in a given workweek and at her straight, regular hourly rate for all hours she has worked between 37.5 and 40 in a given workweek. Plaintiff works more than 37.5 hours during most workweeks and often works more than 40.

20.     Defendant did not keep accurate records of hours worked by Plaintiff.

**Defendant**

21.     Upon information and belief, Mt. Sinai is a domestic not-for-profit New York corporation.

22.     Mt. Sinai maintains its principal place of business at One Gustave Levy Place, New York, New York.

23.     Upon information and belief, Mt. Sinai has the power to hire and fire employees, including Plaintiff, direct their work, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment. Upon information and belief, at all times relevant, Mt. Sinai had the power to stop the illegal pay practices described herein.

4

24.     Mt. Sinai is a covered employer and/or enterprise engaged in commerce or in the production of goods for commerce as applicable within the meaning of the FLSA and the NYLL, and at all times relevant, employed Plaintiff and similarly situated employees and failed to pay them for all compensable hours worked.

## COLLECTIVE ACTION ALLEGATIONS

25.     Plaintiff brings FLSA claims on behalf of herself and other employees similarly situated, as authorized under 29 U.S.C. § 216(b).  The employees similarly situated are:

> FLSA Class:     All similarly situated persons who have been employed by Defendant as Billing Coordinators or Billing Expeditors (collectively, "Billing Coordinators") in Defendant's Department of Surgery at any point during the three year period prior to this action's filing date through the final disposition of this action.

26.     The FLSA Class Period runs from no less than three years prior to this action's filing date through the date of the final disposition of this action (the "FLSA Class Period").

27.     The persons in the FLSA Class meet the definition of employee under applicable law, and have not been subject to any exemptions or exclusions under applicable law including, those for employees in executive, administrative, or professional roles.

28.     Upon information and belief, at all times during the FLSA Class Period, Defendant required Billing Coordinators in its Department of Surgery to work in excess of 40 hours in a workweek, but denied them the lawful overtime premiums for all such hours. Furthermore, Defendant denied Billing Coordinators minimum wages for hours they worked in excess of 37.5 hours in a workweek since it only paid them for working 37.5 hours each workweek even though they were required to work more than this amount.

29.     Defendant is liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiff.  There are many similarly situated current and former employees who have been denied

overtime compensation and minimum wages in violation of the FLSA who would benefit from

the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the

present lawsuit. Those similarly situated employees are known to Defendant, are readily

identifiable, and can be located through Defendant's records. Notice should be sent to the FLSA

Collective pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

**Billing Coordinators in Defendant's Department of Surgery Routinely Worked Overtime Hours and Over 37.5 Hours in a Workweek**

30.     Billing Coordinators in Defendant's Department of Surgery (who worked under

the job title of Billing Expeditor until 2010) are responsible for a wide variety of tasks related to

ensuring that Defendant receives payment for the services it provides. These tasks include, but

are not limited to, verifying insurance information provided by patients with insurance

companies, getting prior approval from insurance companies for surgical procedures, which

includes providing the insurance company with patient information, letters of medical necessity,

and any necessary reports, identifying missed payments and liaising with collections agencies

regarding the same, meeting with patients to counsel them about the costs and fees associated

with their treatment, and entering medical charges into Defendant's computer system and coding

them appropriately.

31.     Although Billing Coordinators have some flexibility in managing how they

complete their tasks, they are often unable to complete their responsibilities in the 37.5 hours per

week for which they are compensated.

32.     Frequently, they must work more than 40 hours in a workweek. Aside from being

assigned more work than they can reasonably complete within the 37.5 hour workweek for

which they are compensated, Billing Coordinators are often forced to work past their scheduled

6

shifts because there are certain tasks that Defendant requires Billing Coordinators to complete on a same-day basis.

33.     For example, Billing Coordinators are required to obtain pre-certification for planned surgeries from insurance companies and to process payments on the same day that such tasks are assigned, and cannot complete these tasks on the next day if their regular shift has ended. In other words, Billing Coordinators are given no choice but to work overtime hours. Over the course of her employment with Defendant, Plaintiff has worked approximately 50 hours a week in order to complete her required job duties.

**Defendant Does Not Compensate Billing Coordinators For All Hours Worked**

34.     Billing Coordinators in Defendant's Department of Surgery are required to swipe in and out of Defendant's computer system at the beginning and end of each of their daily shifts. Yet, they are often paid for only 37.5 hours of work each week even when they have logged substantially more hours in the computer system. Plaintiff, for example, despite working approximately 50 hours each week, has only received the overtime compensation to which she was legally entitled on approximately 5 to 6 times during her employment with Defendant.

35.     Defendant, in lieu of paying overtime compensation, sometimes offered Billing Coordinators compensatory time off in exchange for the hours they worked for which they were not paid. Defendant's use of compensatory time violated the FLSA since Defendant is not a state, a political subdivision of a state, or an interstate governmental agency and because the compensatory time was not taken during the same pay period that the overtime occurred.

**Defendant's Failure to Properly Compensate Billing Coordinators For All Hours Worked Was Willful and Malicious**

36.     Defendant willfully and maliciously failed to properly pay Billing Coordinators for all hours they worked.

7

37.     Defendant has a stated policy that Billing Coordinators can obtain authorization to receive compensation for working beyond their scheduled shifts. However—though, as detailed above, Billing Coordinators had to work more than 37.5 hours a week in order to complete their assigned work—Defendant sought to prevent Billing Coordinators from seeking authorization to be paid for these hours by harassing them when they sought such authorization.

38.     For example, in the Spring of 2013, a Medical Assistant employed by Defendant asked Plaintiff if Plaintiff could stay past the end of her shift to complete a pre-certification of a planned surgery in order to obtain approval from the relevant insurance company. Pursuant to Defendant's policy, Plaintiff asked the Director of Billing Coordinators in Defendant's Department of Surgery, Jamie Hwang, for authorization, which Ms. Hwang granted.

39.     Yet, when Plaintiff submitted documentation of these overtime hours to Leonel Sandoval, the Manager of Billing Coordinators in Defendant's Department of Surgery, Mr. Sandoval initiated an investigation into the matter, despite Plaintiff having properly followed Defendant's policy for obtaining authorization.

40.     During the investigation Mr. Sandoval questioned the Medical Assistant, who told him that she had asked Plaintiff to stay late, and only then did Mr. Sandoval approve payment of Plaintiff's overtime hours. Though the payment was eventually approved, the investigation sent the message to Plaintiff and the other Billing Coordinators that they would be labeled as troublemakers if they asked for authorization to work additional hours.

35.     Defendant also made it clear in a meeting of Billing Coordinators in June 2013 that though Defendant would not compensate Billing Coordinators for working beyond their scheduled shift times, they were still expected to work those hours.

36.     In this meeting, at which Plaintiff and 6 to 10 other Billing Coordinators were present, the Billing Coordinators raised the issue that they were not compensated for the additional hours they worked. Furthermore, they also stated that Defendant changed the time records logged in Defendant's computer system when the Billing Coordinators swiped in and out of the system at the beginning and end of each workday, since the time recorded on their paystubs did not reflect the time they actually worked.

37.     In response, Mr. Sandoval, using Plaintiff as an example, stated that Defendant's policy was that Billing Coordinators would not be compensated for time they worked beyond their scheduled shifts. Specifically, Mr. Sandoval stated that when Plaintiff stayed late to work (i.e., worked hours for which she was not compensated) that it was Plaintiff's "personal choice."

### FIRST CAUSE OF ACTION
**(Fair Labor Standards Act – Overtime Pay Violation)**
**(Brought on Behalf of Plaintiff and the FLSA Class Members)**

38.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

39.     Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

40.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b), as evidenced by Exhibit A.

41.     At all relevant times, Plaintiff and similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203, 206(a) and 207(a).

42.     The federal overtime pay provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

43.     At all relevant times, Plaintiff and similarly situated current and former employees met the definition of an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a) and were not subject to any applicable exemptions or exclusions.

44.     At all times relevant, Defendant has been an employer engaged in commerce and/or the production or sale of goods for commerce or in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(d),  206(a), and 207(a).

45.     At all relevant times, Defendant knowingly failed to pay Plaintiff and other similarly situated current and former employees overtime pay to which they were entitled under the FLSA.

46.     Defendant failed to keep accurate records of the hours that Plaintiff and members of the FLSA Class worked.

47.      Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and similarly situated current and former employees.

48.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

49.     As a result of Defendant's willful violations of the FLSA, Plaintiff and all other similarly situated have suffered damages by being denied the overtime wages and other wages to which they were entitled under the FLSA in accordance with 29 U.S.C. §§ 201 *et seq.*

50.     As a result of Defendant's unlawful acts, Plaintiff and all others similarly situated have been deprived of the overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### (Fair Labor Standards Act – Minimum Wage Violation)
### (Brought on Behalf of Plaintiff and the FLSA Class Members)

51.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52.     The federal minimum wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

53.     Defendant knowingly failed to pay Plaintiff and other similarly situated current and former employees minimum wages to which they were entitled under the FLSA.

54.     Defendant failed to keep accurate records of the hours that Plaintiff and members of the FLSA Class worked.

55.     Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and similarly situated current and former employees.

56.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

57.     As a result of Defendant's unlawful acts, Plaintiff and all others similarly situated have been deprived of federal minimum wages in amounts to be determined at trial, and are

entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216(b).

## THIRD CAUSE OF ACTION
### (Fair Labor Standards Act – Recordkeeping Violations)
### (Brought on Behalf of Plaintiff and the FLSA Class Members)

58.      Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59.      Defendant failed to make, keep, and preserve accurate records with respect to Plaintiff and all others similarly situated as required by the FLSA, including hours worked each workday and total hours worked each workweek, as required under 29 U.S.C. § 211(c) and supporting federal regulations.

60.      Defendant's failure to make, keep, and preserve accurate records was willful.

## FOURTH CAUSE OF ACTION
### (New York Labor Law – Unpaid Overtime Wages)
### (Brought on Behalf of Plaintiff)

61.      Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62.      At all relevant times, Plaintiff was an employee since she was not subject to any applicable exemptions or exclusions and Defendant has been an employer within the meaning of the NYLL.

63.      Defendant violated its obligations under the New York Labor Law and is liable to Plaintiff.

64.      Defendant failed to pay Plaintiff the overtime wages for which she was eligible and entitled to under the NYLL.

65.     By Defendant's failure to pay Plaintiff overtime premium wages for hours worked in excess of 40 hours per week, it has willfully violated the NYLL.

66.     Due to Defendant's violations of the NYLL Plaintiff is entitled to recover from Defendant her unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### (New York Labor Law - Failure to Timely Pay All Compensable Time and Wages)
### (Brought on Behalf of Plaintiff)

67.     Plaintiff realleges and incorporate by reference the allegations in the preceding paragraphs.

68.     At all relevant times, Plaintiff was an employee and Defendant was her employer within the meaning of the NYLL.

69.     The wage provisions of Articles 6 and 19 of the NYLL and its supporting regulations apply to Defendant.

70.     Defendant has failed to timely pay Plaintiff all compensable time (or "gap time") due and owing at her straight, regular hourly rate in violation of the NYLL for hours worked in excess of 37.5 hours and less than 40 per workweek to which she is entitled under the NYLL.

71.     By Defendant's failure to timely pay Plaintiff all compensable time (or "gap time") due and owing at her straight, regular hourly rate in violation of the NYLL for hours worked in excess of 37.5 hours and less than 40 per workweek it has willfully violated the NYLL Article 6, §§ 190 *et seq.*

72.     Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant all compensable time (or "gap time") due and owing at her straight, regular hourly rate in violation of the NYLL for hours worked in excess of 37.5 hours and less than 40 hours in

a given workweek, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### (New York Labor Law – Record Keeping Violations)
### (Brought on Behalf of Plaintiff)

73.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74.     Defendant failed to make, keep, and preserve accurate records with respect to Plaintiff, including hours worked each workday and total hours worked each workweek, as required by NYLL.

75.     Defendant failed to furnish Plaintiff a statement with every payment of wages listing hours worked, rates paid and gross wages in violation of the NYLL and supporting New York State Department of Labor Regulations.

76.     Defendant's failure to make, keep, and preserve accurate records was willful.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.     At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during no less than the three years immediately preceding the filing of this suit, up through the date of this Court's issuance of court-supervised notice, been employed by Defendant as Billing Coordinators and/or Billing Expeditors in its Department of Surgery. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

14

B.      An award of unpaid overtime pay and minimum wages for which they are eligible along with an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq.,* and the supporting United States Department of Labor regulations;

C.      An award of unpaid wages for compensable (or "gap time") to Plaintiff for which she is eligible including interest thereon, and penalties, including liquidated damages pursuant to the NYLL.

D.      Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations;

E.      An order preliminarily and permanently restraining Defendant from engaging in the aforementioned pay violations;

F.      An injunction requiring Defendant to pay all statutorily-required wages pursuant to NYLL, and the supporting New York State Department of Labor regulations;

G.      An award of consequential damages as a result of the acts and practices of Defendant;

H.      An award of compensatory damages in an amount determined by the jury to be able to reasonably compensate Plaintiffs.

I.      Attorneys' fees and costs; and

J.      Such other and further relief as this Court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a

trial by jury on all questions of fact raised by the Complaint.

Dated: May 14, 2014
New York, NY

Respectfully submitted,

**THE OTTINGER FIRM, P.C.**

By: _____

Ariel Y. Graff
Robert Ottinger

20 West 55th Street, 6th Floor
New York, New York 10019
Telephone: (212) 571-2000
Fax: (212) 571-0505

ari@ottingerlaw.com
robert@ottingerlaw.com

*ATTORNEYS FOR PLAINTIFF AND THE
PROPOSED CLASS*